CáRütheRS, J.,
delivered the opinion of the Court.
*46 This was an action brought by Eox to recover damages against Shepperd, Leeds, and Hoyt, the undertakers, and Sandford, his coemployee, for an injury sustained by the plaintiff from the negligence and unskilfulness of defendant Sandford. The verdict was in favor of the defendants, Shepperd, Leeds, and Hoyt, and against Sandford for one thousand dollars damages. The plaintiff moved for a new trial as to Shepperd, Leeds, and Hoyt, and the defendant Sandford asked a new trial as to the finding against him. Both appeal in error from the judgment overruling their respective motions.
Shepperd, Leeds, and Hoyt were general undertakers of a building, and both Sandford and Eox were workmen employed by them. Eor the purpose of elevating some large timbers to the top of the wall, the latter was posted on the building, and the former managed a machine called a derrick, on the ground. By the reckless management of the derrick, as it is alleged, Eox was precipitated, with the timber, to the ground, and received the serious injury of which he complains. The proof shows that the guy rope was loosened by Sandford after the timber was partly up, against the warning of Eox, and by that the accident was produced. The inquiry for the jury was, whether in this there was a want of the proper skill and care necessary for the safety of those on the top of the wall. If there was no unskilfulness or negligence, it would be a case of inevitable accident, and the injury without remedy; but if it were otherwise, the defendant Sandford at least would be liable. This was the effect of the charge on that point; and the finding of the jury, there having been proof to sustain it, must be conclusive as to the case of Sandford.
*47 But the other branch of the case presents more difficulty. It is true, as argued, that the authorities are not entirely harmonious upon the question of the master or employer’s liability for injury done by one of his servants to another by want of skill or negligence in the business of their employment. Upon this point, the Court charged “ that if it appeared in evidence that Eox and Sandford were in the employment of Shepperd, Leeds, and Hoyt, engaged in a common employment, and the injury to the plaintiff was occasioned by the neglect or unskilfulness of the defendant, Sandford, yet, under the weight of authority, English and American, the Court felt constrained, and so instructed the jury, that the defendants, Shepperd, Leeds, and Hoyt, could not be held liable in damages for such neglect or unskilfulness on the part of their co-defendant, Sandfordbut they could be, for any neglect of their own; “ but were not responsible for the condition of the derrick on the morning the accident happened.”
IVe are brought to the same conclusion in relation to the weight of authority, as well as the reason of the rule applied to the facts of the case before us. Story on Agency, § 453 and notes. 2 Kent, 281, top page, and notes. 8 Meeson and Welsby, 1. The reasoning by which this position is maintained need not here be reiterated, as it will be found in the cases referred to, and others there cited.
It will be observed that the facts of this case do not raise the question of the liability of the employer for want of due care in the selection of his servants, or making proper provisions for their safety. Such a case might fall under a very different rule.
*48 In this case, we think there is no error against the appellants in either case, by 'which they could hare been injured,' in view of the facts in this case, and therefore affirm the judgment.